# C. A. GAMBRILL MANUFACTURING COMPANY *v.* WAGGONER-GATES MILLING COMPANY.

---

TRADEMARKS; EXCLUSIVE USE.

1. In a trademark case in which opposition to registration is made on the ground that the applicant was not the exclusive user of the mark for ten years prior to the passage of the trademark act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1275), the applicant must show exclusive use during the ten-year period. (Following *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428; *McIlhenny* v. *New Iberia Extract of Tabasco Pepper Co.* 34 App. D. C. 430; and *Duluth Superior Mill. Co.* v. *Koper,* 37 App. D. C. 115.)

2. A decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark consisting of the word "Howard" as applied to flour was *reversed,* where the uncontradicted testimony on behalf of the opposing party was to the effect that it had used the mark on flour manufactured and sold by it for more than ten years prior to the passage of the trademark act of Congress of February 20, 1905; and where the witnesses were men of intelligence, and presumably of character, and were testifying concerning a matter of which they must have had knowledge.

No. 764.   Patent Appeals.   Submitted March 15, 1912.   Decided April 1, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                               *Reversed.*

The facts are stated in the opinion.

*Messrs. Steuart & Steuart* and *Mr. John Emory Cross* for the appellant.

*Mr. C. Baker Clotworthy* and *Mr. J. Wallace Bryan* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

By this appeal the C. A. Gambrill Manufacturing Company seeks a reversal of the decision of the Commissioner of Patents dismissing its opposition to the registration, under the ten-year clause of the act of February 20, 1905, of the word "Howard" as a trademark for flour.

Three witnesses were called by the opposer, appellant here. The first witness, a Mr. Hayward, secretary and treasurer of the opposing company, had been connected with that company since 1881. He was asked whether it had used the word "Howard" as a trademark for flour, and replied that it had, to his knowledge, since 1881. He was then asked how he obtained this knowledge, and replied: "By general knowledge of the conduct of the business based on observation of daily sales; also personal observation of the said 'Howard' brand as applied to packages of flour, such as barrels, 98, 49, 24, and 12 pound sacks. In the case of the barrels, the brand is applied by branding with a stencil on the head of the barrel. In the case of sacks, the brand is applied by the bag makers, whose custom it is to print brands on sacks as ordered." Witness further testified that flour bearing this brand had been sold in Maryland, Virginia, North Carolina, South Carolina, Porto Rico, and the West India Islands. He identified stencils by which the brand was applied and which were introduced in evidence. One of these stencils had been used, he said, since prior to 1881, as the name had been changed from C. A. Gambrill & Company, the old partnership, to the name of the new corporation, which was organized in 1881.

A Mr. Lucy, a man sixty-eight years of age, testified that he was first employed by the old firm in 1866, and had since been continuously in the employ of that firm and its successor, the opposer. For many years he had been a salesman, looking after city trade and some out of town trade through Virginia and Maryland. This witness also testified to the continuous use of the word "Howard" as a trademark during his entire term of service. He identified stencils, and said he had frequently

seen the mark upon flour, both before it had been shipped and subsequently in the stores of customers. He was finally asked what use had been made by the original company and its successor, the opposer, of the "Howard" brand, and replied: "The 'Howard' brand has been used continuously by C. A. Gambrill & Company and C. A. Gambrill Manufacturing Company from year to year upon flour of its manufacture since 1866, when I first went into the employ of that company, and to the best of my knowledge and belief, it was used prior to the time of my entering the employ of the firm since 1857."

A Mr. Edwards, sixty-one years of age, and who had been employed by the original partnership firm and its successor since 1867, testified that "the 'Howard' brand was in use when I became connected with the concern, and has been in use ever since. The said brand is put on flour as sales for 'Howard' may occur. This brand has been used continuously by C. A. Gambrill & Company and C. A. Gambrill Manufacturing Company every year since 1867 to a substantial extent upon flour manufactured by the firm and the corporation. The brand was applied on the head of barrels and half barrels by stencil; on sacks it was printed."

The applicant was not represented at the taking of this testimony, consequently no objections were interposed to the form of the questions asked. There has been no attempt made to meet this testimony, and therefore it stands uncontradicted.

To prevail, the applicant must show exclusive use during the ten-year period. *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428; *McIlhenny* v. *New Iberia Extract of Tabasco Pepper Co.* 34 App. D. C. 430; *Duluth Superior Mill. Co.* v. *Koper,* 37 App. D. C. 115. The applicant here contends, and the Patent Office tribunals have sustained the contention, that the above evidence is too indefinite to sustain a finding of use of the trademark by the opposer during the ten-year period. This contention we are unable to accept. The witnesses whose testimony we have reviewed were men of intelligence and presumably of character. They were testifying concerning a matter of which they must have had knowledge, and we are not at

liberty to disregard their testimony. By that testimony a prima facie showing of user during the ten-year period was made for the opposer. As this was not overcome by the applicant, the opposition should have been sustained.

The decision will therefore be reversed.          *Reversed.*